# In the United States Court of Federal Claims

No. 19-1019C
(Filed: September 30, 2021)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PLAINTIFF NO. 1, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff claims that the Department of Defense ("DOD") violated the Fair Labor Standards Act ("FLSA") by failing to compensate him for time he spent outside working hours completing the DOD Counterintelligence Agent Course ("DCAC") from January 4 to March 2, 2018. Plaintiff has moved for Court-issued notice concerning the case to members of his DOD "component" who attended the DCAC up to three years ago.[1] Because Plaintiff has not established that notice is appropriate, even within those parameters, the motion is **DENIED** without prejudice.[2]

The motion is governed by Section 16(b) of FLSA, which entitles employees to bring claims on behalf of themselves and those who are "similarly situated." 29 U.S.C. § 216(b). The Supreme Court has held that Section 16(b) authorizes courts to issue notice to similarly situated third parties. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). But as this Court explained in *Valte v. United States*, the standards for determining whether to issue notice are unclear. No. 16-1485C, 2021

---

[1] Pl.'s Mot. for Conditional Certification & Notice (ECF 26) ("Pl.'s Mot."); Def.'s Mot. to Suspend Briefing on Pl.'s Mot. for Conditional Certification & Notice (ECF 29) ("Def.'s Mot."); Pl.'s Resp. to Def.'s Mot. to Suspend Briefing on Pl.'s Mot. for Conditional Certification & Notice ("Pl.'s Resp."); Pl.'s Suppl. Br. in Supp. of Notice to Potential Pls. (ECF 68) ("Pl.'s Suppl. Br."); Def.'s Resp. to Pl.'s Suppl. Br. in Support of Its Mot. for Notice to Potential Pls. (ECF 70) ("Def.'s Resp."); Notice Regarding Notice to Potential Pls. (ECF 73) ("Notice"); Pl.'s Reply in Supp. of Notice to Potential Pls. (ECF 74) ("Pl.'s Reply"). I held a hearing on September 14, 2021. Tr. of Hr'g (ECF 80) ("Tr.").

[2] Plaintiff initially requested that the Court equitably toll the statute of limitations for "putative class members." Pl.'s Mot. at 6–9. However, Plaintiff says he no longer requests equitable tolling. Pl.'s Suppl. Brief at 5.

WL 3821886, at *4–10 (Fed. Cl. Aug. 26, 2021). The parties in this case appear to agree that past cases have misconceptualized the standard for FLSA notice. *See* Pl.'s Suppl. Br. at 1, 4–6; Def.'s Resp. at 5–6.

Contrary to cases that have analyzed FLSA notice using inaccurate analogies to class action procedures, *see, e.g.*, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), *mandamus granted on other grounds sub nom. Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), notice is a case management device for ensuring orderly joinder of individuals likely to be "similarly situated" to the original plaintiff. *Valte*, 2021 WL 3821886 at *10. For the Court to issue notice, Plaintiff thus must show that he is likely to be "similarly situated" to the people who would receive the proposed notice. *Id.* at *12. In other words, Plaintiff's experience with the DCAC between January 4 and March 2, 2018 has to be similar to that of individuals in his DOD component who participated in the last three years. There are several problems with Plaintiff's showing.

The sole evidentiary support for the motion is Plaintiff's own declaration. Pl.'s Mot., Ex. A. (ECF 26-1 & 68-1). But the declaration speaks only of Plaintiff's DCAC *class* in early 2018. The individuals in Plaintiff's class are not even in the group who would receive notice under Plaintiff's proposal, which only calls for notice covering the last three years. The declaration says nothing at all about other DCAC classes at later times. Nor does it address other employees in Plaintiff's DOD "component" or the policies applicable to their compensation. The term "component," in fact, appears only in Plaintiff's briefing.

Courts have not agreed on precisely what it means to be "similarly situated." *Valte*, 2021 WL 3821886 at *7–10. Plaintiff argues that "two people would be similarly situated if, when assessing the merits of their claim the sort of primary issues are the same for both of them — factual and legal issues." Tr. at 30. Even assuming *arguendo* that definition is correct, Plaintiff cannot make such a showing without establishing that people who took the DCAC after him had a similar experience in the course and were subject to at least similar policies. But the declaration is silent on those issues. The declaration therefore provides no basis to conclude that a broader category of individuals is similarly situated to Plaintiff.

Plaintiff argues for a presumption that the DCAC has remained consistent and that members of his component have been subject to the same policies. Tr. at 26–27. But that is only speculation, considering that Plaintiff has not provided evidence or attested to personal knowledge about the rest of his component or subsequent DCAC classes. A presumption would also be inconsistent with Plaintiff's burden to show that sending notice would serve the purposes of a FLSA collective action or rise above mere

"solicitation of claims." *Hoffman-La Roche*, 493 U.S. at 174. Plaintiff thus cannot cure the omissions in his declaration by reference to presumptions about other employees at other times.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification and Notice is **DENIED** without prejudice. The parties shall submit a joint status report with proposals for further proceedings no later than **October 14, 2021**.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge