# In the United States Court of Federal Claims

No. 19-1019C
(Filed Under Seal: February 10, 2022)
(Reissued: March 1, 2022)[*]
**NOT FOR PUBLICATION**

***************************************
| | |
|---|---|
| PLAINTIFF NO. 1, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

***************************************

## OPINION AND ORDER

Plaintiff[1] claims that the Department of Defense ("DOD") violated the Fair Labor Standards Act ("FLSA") by failing to compensate him for time he spent outside working hours completing the DOD Counterintelligence Agent Course ("DCAC") from January 4 to March 2, 2018. Plaintiff asks the Court to issue notice concerning the case to members of his DOD "component" who attended the DCAC up to three years ago. Although this Court previously denied notice,[2] Plaintiff's renewed motion now shows that notice is appropriate.[3] The motion is **GRANTED**.

Section 16(b) of FLSA entitles employees to bring claims on behalf of themselves and those who are "similarly situated." 29 U.S.C. § 216(b). Similarly situated individuals can choose to opt in to a FLSA case by submitting joinder notices. The statute also authorizes courts to facilitate joinder by issuing notice to similarly situated third parties. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71

---

[*] Pursuant to the protective order in this case, the Court initially filed this opinion under seal on February 10, 2022, for the parties to propose redactions of confidential or proprietary information. The parties were directed to propose redactions by February 24, 2022. The parties notified the court via email on February 28 that there were no proposed redactions. The Court hereby releases publicly the opinion and order of February 10 in full.

[1] This case is subject to a protective order to ensure that classified information is protected from unauthorized disclosure. Protective Order for Use and Handling of Secret/Top Secret/Sensitive Compartmented Information (ECF 94) ("Protective Order").

[2] *See* Order (ECF 81).

[3] Pl.'s Mot. for Notice (ECF 97) ("Pl.'s Mot."); Def.'s Resp. to Pl.'s Mot. for Notice (ECF 100) ("Def.'s Resp."); Pl.'s Reply in Supp. of Notice (ECF 101) ("Pl.'s Reply"). I held a hearing on February 4, 2022.

(1989). But as this Court explained in *Valte v. United States*, the standards for determining whether to issue notice are unsettled. 155 Fed. Cl. 561, 566–73 (2021). Contrary to cases that have approached FLSA notice with inaccurate analogies to class action procedures, *see, e.g.*, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), *mandamus granted on other grounds sub nom. Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), notice is a case-management device for ensuring orderly, voluntary joinder of individuals likely to be "similarly situated" to the original plaintiff. *Valte*, 155 Fed. Cl. at 573. "When a similarly situated group exists, early notice is likely to be consistent with FLSA and good case management practices — subject of course to the Court's discretion." *Id.* at 574 (citing RCFC 83(b) & 16(b)).

For the Court to issue notice, Plaintiff must first show that he is likely to be "similarly situated" to the people who would receive the proposed notice. *Id.* at 574–75. In other words, it must be likely that Plaintiff's experience with the DCAC between January 4 and March 2, 2018, was similar to that of individuals in his DOD component who participated more recently.

The parties have reached several stipulations relevant to similarity. *See* Stipulations of Fact (ECF 91). *First*, the parties have provided the Court with a 2018 human resources policy memorandum regarding payment of overtime during the DCAC. *See* Exhibit (ECF 88-1). The parties stipulate that "[t]he policy set forth in this memorandum regarding overtime pay during DCAC has applied to all non-exempt DCAC attendees from the plaintiff's same [DOD] component … since 2018." *See* Stipulations of Fact ¶ 2. Although the memorandum is dated after Plaintiff took the course, the parties agree that the same policy applied to him. *Second*, the parties stipulate that "[t]here were no material differences in the instructions given to later DCAC attendees from [P]laintiff's component regarding assignments or completion of coursework outside of scheduled hours." *Id.* ¶ 3. *Third*, the parties stipulate that "[t]he content of DCAC has not changed materially since 2018." *Id.* ¶ 4.

The net result is that — as to non–FLSA-exempt participants employed in Plaintiff's component — the DCAC's substantive content, expectations for work outside scheduled hours, and overtime payment policies have not materially changed since Plaintiff took the course. Given those stipulations, the parties do not disagree that Plaintiff is similarly situated to non–FLSA-exempt members of his component who took the course later. *See* Pl.'s Mot. at 1–2; Joint Status Report at 2 (ECF 88).[4]

I agree. The parties have not undertaken to define what it means to be "similarly situated" for purposes of FLSA notice. *Valte*, 155 Fed. Cl. at 571 (suggesting

---

[4] Plaintiff does not seek notice for employees of other DOD components or agencies. *See* Pl.'s Mot. at 2; Joint Status Report at 2.

avenues for developing a test consistent with the statute's text). But whatever the niceties of the standard might be, they are surely satisfied by stipulations (or evidentiary proof) establishing that a plaintiff and absent third parties were in a materially similar work environment and subject to the same time expectations and payment policies. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (explaining that notice enables "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged … activity").

Plaintiff must also justify notice as an exercise of judicial discretion that furthers case management interests such as "timely opt-in by people entitled to proceed collectively, maintenance of orderly case deadlines, and supervision of communications about the case with potentially interested non-parties." *Valte* at 573 (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 171–72, and *Briggs v. United States*, 54 Fed. Cl. 205, 206–07 (2002)). That standard is met here too.

The parties agreed that Plaintiff and the absent individuals who would receive notice have essentially identical claims against the United States. Their only disagreement was whether notice should be issued to DCAC participants from the last three years (per Plaintiff) or two years (per Defendant). Pl.'s Mot. at 2–4; Def.'s Resp. at 3–7. The dispute centered on whether Plaintiff can prove that Defendant violated FLSA willfully, which would extend the statute of limitations from two years to three years. *See* Am. Compl. ¶¶ 25, 37, 45, 47 (ECF 36); 29 U.S.C. § 255(a). If Plaintiff is unable to prove willfulness, any opt-in plaintiffs who took the DCAC between two and three years ago would have to be dismissed.

But on balance, that does not counsel against issuing notice. Individuals who took the DCAC between two and three years ago are free to sue in this Court, arguing — just as Plaintiff does — that the government's conduct was willful and the longer statute of limitations applies. If they did so, the same issues might end up being litigated in parallel, just as the FLSA collective action procedure was supposed to avoid. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170. Issuing notice to those individuals would not *prevent* that result — they would be free to bring their own separate claims if they chose not to opt in — but notice would at least implement an orderly way to achieve FLSA's aim of "efficient resolution in one proceeding of common issues of law and fact[.]" *See id.*

At the hearing, the parties ultimately agreed on that score. There might be situations where the absent individuals are similarly situated to the named plaintiff, yet joining them would not assist the court in managing the case. But this is not such a case. Notice shall issue to individuals who attended the DCAC between two and three years ago, and Defendant will be free to contest willfulness as a factual matter.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Notice is **GRANTED**. The parties have proposed a process for notice, which this Court adopts as follows.

No later than **February 22, 2022**, DOD shall verify which DCAC attendees after March 2, 2019 from Plaintiff's same component were non-exempt during their attendance. Within 10 days after DOD identifies the relevant employees, the agency shall send notice to these employees using the attached form. As provided in the form notice, any persons wishing to join the case can send joinder notices to Plaintiff's counsel, who shall file them under seal.

The parties have agreed that some individuals will receive notice via a specially designated DOD employee, walled off from the case, who shall receive communications from any of these persons who wish to join the case. The designated employee shall ensure that any such individuals can communicate with Plaintiff's counsel and join the case if they so choose. The designated employee is not involved with litigating the case in any way, and the parties do not anticipate that communications relayed through the employee will affect the attorney-client privilege between noticed individuals and Plaintiff's counsel, other than the decision to join. If privilege issues arise during the joinder process, the parties will confer and seek a status conference if need be.

Defendant shall provide Plaintiff's counsel with the number of non-exempt employees who received notice and an affidavit that notice has been sent. Plaintiff's counsel may maintain a list of the email addresses of any such persons who provide written consent to join the case, in order to communicate with them about the case.

After notice has been sent, Defendant will provide the Court-appointed Classified Information Security Officer, Mr. Harry Rucker, with a list of the names of all persons to whom notice was sent and a copy of the notices that were sent. Plaintiff's counsel may view the list, upon appointment, at a Secure Compartmented Information Facility.

Per the parties' agreement, Plaintiff will not seek discovery related to notice, including discovery regarding DCAC attendees from other agencies or components, and will not seek a second round of FLSA notice to other individuals.

The parties have also reached several agreements related to discovery, which this Court adopts. Phase One discovery shall consist of written discovery on the following topics: (1) the agency's policy regarding completing coursework or assignments outside of scheduled hours during DCAC and any additional oral or written instructions regarding such work given to attendees at Plaintiff's DCAC

session; (2) Plaintiff's work history and job duties; (3) Plaintiff's time, attendance, and pay records during DCAC; (4) Plaintiff's experience attending DCAC, including general information regarding the assignments he received and when he completed them; and (5) the application and selection process for DCAC, including any prerequisites for attending. Phase One discovery shall close on **June 10, 2022**.

Phase Two discovery shall consist of written discovery on the same topics as Phase One, except as to any other individuals who submit joinder notices. The parties have also proposed that a Phase Three, involving depositions and written discovery on additional topics, may be necessary. The parties shall submit a joint status report proposing a schedule for Phase Two and Three of discovery, dispositive motions, and for alternative dispute resolution, if appropriate, no later than **June 24, 2022**.

Pursuant to the Court's December 16, 2021 Protective Order (ECF 94), this Opinion has been issued under seal. The parties shall have two weeks to propose redactions and, accordingly, shall file notice of their proposed redactions no later than **February 24, 2022**. To aid the Court's evaluation of the proposed redactions and in light of the "presumption of public access to judicial records," *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008) (per curiam) (citing *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9 (1st Cir. 1998), and *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993)), each party shall file a memorandum explaining why redactions are necessary for each item of information for which a redaction is proposed.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

Legal Notice of Collective Action and Opportunity to Join

This Notice May Affect Your Legal Rights To Back Pay and Other Damages

PLEASE READ CAREFULLY

Please direct questions to class counsel, Daniel Rosenthal, at (202) 960-1638 or dmrosenthal@jamhoff.com.

**THE UNITED STATES COURT OF FEDERAL CLAIMS HAS AUTHORIZED THIS NOTICE**
**THE COURT HAS ISSUED NO RULING ON THE MERITS OF THE CASE**

To: Certain past or present employees of the Department of Defense ("DOD") who attended the DOD Counterintelligence Agent Course ("DCAC") at the Joint Counterintelligence Training Academy ("JCITA") between [date] and present.

You may be able to participate in a collective-action lawsuit alleging violations of the Fair Labor Standards Act (FLSA). This notice explains your options and how to participate. The case name is *Plaintiff No. 1 v. United States of America*, Case No. 19-1019C in the United States Court of Federal Claims. To participate, you must complete the form provided at the end of this notice.

### 1. Why did I get this notice?

The Plaintiff has alleged that he or she was affected by a legal violation that also affected other employees. According to the Government's records, you are part of the group that has been authorized to receive notice of the case. This notice is solely for the purpose of determining the identity of those persons who wish to be claimants in this case and advising them of their rights, and has no other purpose.

### 2. What does the lawsuit allege?

The Plaintiff alleges that, while attending DCAC, Plaintiff worked overtime hours—meaning hours in excess of 40 hours per week—for which Plaintiff did not receive time-and-one-half overtime pay. These hours included time spent on required assignments or class sessions. Plaintiff is seeking back wages for this alleged unpaid overtime.

Plaintiff is also seeking to recover liquidated damages, attorneys' fees, and costs associated with the litigation. Liquidated damages may be up to an additional 100% of unpaid overtime pay that is due. That is, you may recover up to twice the amount you are due in unpaid overtime pay.

**To be included in this lawsuit you must complete and sign the attached consent form and return it to Plaintiff's counsel.**

### 3. Who represents the Plaintiffs?

The Plaintiff has retained the law firms of James & Hoffman, P.C., and Bernstein & Lipsett, P.C. to represent Plaintiff's interests in this matter.

The attorneys representing Plaintiff can be contacted as set forth below:

Daniel Rosenthal
James & Hoffman, P.C.
1629 K. St NW
Suite 1050
Washington, DC 20006
(202) 960-1638
dmrosenthal@jamhoff.com

Linda Lipsett
Bernstein & Lipsett, P.C.
1629 K. St NW
Suite 1050
Washington, DC 20006
(202) 296-1798
chouse@bernsteinlipsett.com

### 4. How can I join the lawsuit?

You have the option of opting in to this lawsuit. Enclosed you will find a consent form entitled "Opt–In Consent Form." If you choose to join the lawsuit, please read, complete, and sign and return the form to Plaintiff's counsel. The form can be sent by email, mail, or facsimile to Plaintiff's counsel, who will file the form with the Court.

By email, the consent form may be sent to dmrosenthal@jamhoff.com.

By mail, the form may be sent to:
Daniel Rosenthal
James & Hoffman, P.C.
1629 K. St NW
Suite 1050
Washington, DC 20006

By facsimile, the form may be sent to:
Daniel Rosenthal
(202) 496-0555

The signed consent form must be returned on or before [90 days after sending of notice]. If it is not timely returned, you will not participate in the recovery, if any, obtained against Defendant in this lawsuit. If you have questions about filling out or sending in the consent form, please contact Plaintiff's counsel at dmrosenthal@jamhoff.com or (202) 960-1638. It is strongly recommended that you contact Plaintiff's counsel after submitting your consent form.

### 5. What are the effects of joining this lawsuit?

If you choose to join this lawsuit, you will be bound by the result of the lawsuit. This means that, if Plaintiff prevails in demonstrating that DOD violated the FLSA, you may be entitled to recover damages for unpaid overtime work. Similarly, if the parties reach a settlement, then you may be entitled to recover damages as part of the settlement. However, if the Court rules that DOD did not violate the FLSA, then you will be bound by that conclusion as well.

In addition, if you join, you cannot sue the United States separately about the same or related claims asserted in this lawsuit. By joining this lawsuit, you designate the named Plaintiff as your agents to make (a) decisions on your behalf concerning the litigation, (b) the method and manner of conducting this litigation, and (c) all other matters pertaining to this lawsuit. By agreeing to participate in this lawsuit, you may be required to provide information, sit for depositions, and testify at trial.

The decisions made and entered into by the named Plaintiff will be binding on you if you join this lawsuit.

You will also be bound by a retainer agreement with Plaintiff's lawyers. The retainer agreement provides for a 25% contingency fee. Retaining attorneys on a contingency fee basis means that the attorney will receive 25% of any settlement or judgment in Plaintiff's favor. The FLSA also permits the recovery of attorneys' fees and costs separate from the contingency fee. If recovered, these fees and costs will be paid by the Government and will not be deducted from any settlement or judgment in Plaintiff's favor.

If Plaintiff is denied any recovery, the attorneys will not receive any attorneys' fees, and Plaintiff will owe nothing to the attorneys. A copy of the retainer agreement can be found at https://bernsteinlipsett.com/retainer-agreement. If the suit is unsuccessful, and if the Government seeks costs, such costs will be paid by Plaintiff's lawyers in accordance with the

retainer agreement referenced in this notice.

If you join the lawsuit, Plaintiff's lawyers will represent you in this lawsuit. You may communicate with them, provide input, and receive advice from them about this lawsuit. You may also seek advice from another lawyer if you choose to retain one in addition to Plaintiff's lawyers, but you will be required to pay your lawyer yourself in addition to Plaintiff's lawyers.

You may choose to be represented by an attorney of your choice in this case. If you wish to proceed in that manner, you or your attorney may file a notice with the Court indicating your intent.

### 6. What are the effects of not joining this lawsuit?

If you choose not to join this lawsuit, you will not (a) be affected by any settlement or judgment of this case, or (b) be entitled to share any amounts recovered through this case. If you do not join this lawsuit, you will also be free to file your own lawsuit.

### 7. Will joining the lawsuit affect my employment with the government?

Federal law prohibits the United States or any of its Agencies from retaliating against you in any way because of any decision you might make to take part in this case or to exercise your rights under the Fair Labor Standards Act.

* * *

Additional information about this notice or the lawsuit may be obtained from James & Hoffman, P.C. or Bernstein & Lipsett., P.C. Please refrain from contacting the court with questions or requests for information.

## CONSENT TO JOIN

1. I attended the DOD Counterintelligence Agent Course ("DCAC") at the Joint Counterintelligence Training Academy ("JCITA") some time between **[date]** and the present.

2. I was classified as FLSA non-exempt at least some point during my participation in DCAC. Exempt or non-exempt classifications can be found on earnings and leave statements provided to you during the time that you participated in DCAC or on SF-50 forms. An "N" on Block 35 of your SF-50 form indicates that you are FLSA non-exempt.

3. While attending DCAC, I performed activities such as study or homework for which I was not compensated.

4. I consent to be a claimant in litigation under the Fair Labor Standards Act as part of the lawsuit *Plaintiff No 1 v. United States of America,* Case No. 19-1019C. I understand that I will be bound by any judgment by the Court or settlement of this action.

5. I designate the named Plaintiff in this action to make decisions regarding this lawsuit on my behalf, and I authorize the law firms of Bernstein & Lipsett, P.C. and James & Hoffman, P.C. to represent me in this matter. I consent to be bound by the retainer agreement signed by the named Plaintiff.

**Signature:** _____

**Name:** _____     **Date:** _____

**Email:** _____

**Phone number:** _____

Return this form by email to dmrosenthal@jamhoff.com or to the following address:

Daniel Rosenthal
James & Hoffman, P.C.
1629 K. St NW
Suite 1050
Washington, DC 20006